UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA          :
                                      16 Mag. 323
       -against-                  :
                                      OPINION
SHAMEL ROBINSON,                  :   AND ORDER

              Defendant.          :

----------------------------------X

              PITMAN, United States Magistrate Judge:

       By letter dated March 17, 2016, defendant seeks
modification of the bail terms set on March 7, 2016 by the
Honorable Kevin Nathaniel Fox, United States Magistrate Judge.
Over the Government's objection, Magistrate Judge Fox set bail as
follows:  (1) a $30,000 personal recognizance bond to be cosigned
by three financially responsible persons and secured by $7,500 in
cash or property; (2) strict pretrial supervision with home
incarceration and location monitoring; (3) travel limited to the
Southern and Eastern Districts of New York and (4) surrender of
all travel documents and no new applications.  Judge Fox's Order
further provided that all conditions had to be met before
defendant could be released.

       Defendant is charged with being a felon in possession
of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The
Pretrial Services Agency reports that defendant is unemployed and

resides with girlfriend and her mother.  Defendant's criminal
record includes one felony conviction, seven misdemeanor
convictions and four warrants for failure to appear.

        Defendant seeks to have the bail terms modified by
eliminating the requirement that plaintiff post $7,500 in cash or
property.  Defendant seeks this relief because he claims he is
unable to post this sum.  According to defendant's counsel,
defendant's inability to post this sum, in conjunction with the
directive in 18 U.S.C. § 3142(c)(2) that a "judicial officer may
not impose a financial condition that results in the pretrial
detention of the person," requires that the $7,500 cash/property
component be eliminated from the bail terms.

        A criminal defendant's inability to meet a particular
financial condition does not, without more, render the financial
condition violative of Section 3142(c)(2).  United States v.
McConnell, 842 F.2d 105, 107 (5th Cir. 1988) ("[A] bail setting
is not constitutionally excessive merely because a defendant is
financially unable to satisfy the [monetary] requirement.").  As
explained by the Honorable Robert W. Sweet, United States
District Judge, in United States v. Penaranda, 00 Crim. 1251
(RWS), 2001 WL 125621 at *1-*2 (S.D.N.Y. Feb. 13, 2001):

                [Section 3142(c)(2)] which was enacted as part of
                the Bail Reform Act of 1984 . . . appears
                straightforward enough.  In fact, however, it raises

                                2

interpretive difficulties because, read out of context, and taking [defendant's] argument "to its logical extreme, [this provision] would require the release of any defendant sufficiently indigent, and whose family and friends are sufficiently indigent, to prevent them from posting any financial security to assure the defendant's appearance at trial." Gotay, 609 F. Supp. at 157.

The Second Circuit has not yet interpreted the meaning of § 3142(c) . . . . However, those courts which have done so have concluded that in light of the statutory scheme of which § 3142(c) is part, as well as the legislative history of the Bail Reform Act, this provision cannot mean that a defendant without means to meet the financial conditions of his bail must therefore be released. See, e.g., United States v. Mantecon-Zayas, 949 F.2d 548, 549–50 (1st Cir. 1991); United States v. McConnell, 842 F.2d 105, 108 (5th Cir. 1988); Gotay, 609 F. Supp. at 157.

These courts have concluded that § 3142(c) was intended to prevent the "sub rosa use of money bond" to detain defendants automatically and without proper evidentiary support. See Mantecon-Zayas, 949 F.2d at 550; McConnell, 842 F.2d at 108–09. Thus, where a defendant cannot meet the financial conditions of his bail, then the court should consider whether that particular financial condition is a necessary part of the bail conditions to provide reasonable assurance of the defendant's appearance, and set forth written findings of fact and legal conclusions regarding the issue. See Mantecon-Zayas, 949 F.2d at 550; McConnell, 842 F.2d at 109–10. . . . The legislative history also supports this result. See S. Rep. No. 225, 98th Cong.2d Sess. 16, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3199 (if defendant is unable to satisfy bond "the judicial officer may reconsider the amount of the bond," and if court concludes the initial amount is "reasonable and necessary," then "[t]his is the very finding which, under section 3142(e), is the basis for an order of detention, and therefore the judge may proceed with a detention hearing [pursuant to § 3142(e) ].").

3

See also United States v. Gotay, 609 F. Supp. 156, 158-59
(S.D.N.Y. 1985) (Haight, D.J.).

      If defendant wants to revisit the necessity of the
financial condition that Judge Fox imposed, consistent with the
procedure suggested in Penaranda, I am willing to convene another
detention hearing.  Counsel for defendant is directed to advise
me promptly whether he wishes to proceed in this manner.

Dated:  New York, New York
       March 22, 2016

                    SO ORDERED

                    HENRY PITMAN
                    United States District Judge

Copies transmitted to:

All Counsel

4